**WATAUGA RAYON WORKERS UNION, LOCAL 2207, etc., Plaintiff,**

v.

**BEAUNIT FIBERS, etc., Defendant.**

**No. CIV-2-74-38.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Dec. 16, 1974.

Shelburne Ferguson, Jr., Kingsport, Tenn., for plaintiff.

Frederick S. Kullman, New Orleans, La., and Dan M. Laws, Jr., Elizabethton, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

This is an action by a trade union to require an employer to arbitrate certain grievances of the latter's employees in accordance with an alleged collective bargaining agreement of the parties, for a declaratory judgment, and for damages for the breach of such agreement. 29 U.S.C. § 185 et seq.; 28 U.S.C. §§ 2201, 2202. Both parties moved for a summary judgment. Rule 56(a), (b), Federal Rules of Civil Procedure.

The various affidavits filed with such motions herein show that the following facts are undisputed: (1) The collective bargaining contract of the aforementioned parties of April 17, 1968 pertained only to the defendant's Bemberg, Viscose and Polyester plants, Elizabethton, Tennessee; (2) On December 19, 1970 all employees of the defendant's Bemberg plant were laid off, and the plant was shutdown; (3) Negotiations for a new contract between these parties began on February 9, 1971; (4) The defendant sold the Bemberg plant on February 19, 1971 to Abner Industries, Inc., and since has had no control over or financial interest therein; (5) Both parties agreed on March 23, 1971 to exclude all reference to the Bemberg plant from their contract which was then being negotiated; (6) On April 26, 1971 both parties entered into a new collective bargaining contract which stated that it superseded all other agreements between the parties and that it applied to the aforementioned Viscose and Polyester plants. All reference to the Bemberg plant was deleted therefrom; (7) The first grievance under consideration herein was filed on March 1, 1972.

The functions of this Court herein is drastically limited. " * * * It is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. * * * " United Steelworkers v. American Mfg. Co. (1960), 363 U.S. 564, 568, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403, 1407 (headnote 3). Whether a particular grievance is meritorious is irrelevant to the present determination. *Ibid.* 363 U.S. 564, 80 S. Ct. 1343, 4 L.Ed.2d at 1407 (headnote 5).

Applying the foregoing criteria to the undisputed facts, there is merit to the defendant's motion. First, there is no indication in the contract of April 17, 1968 that any rights obtained thereby by either of the parties should extend beyond its termination. Secondly, all the alleged grievances arose after the contract of April 17, 1968 had been superseded, since the first such grievance was not submitted until more than 14 months had elapsed, all Bemberg employees had been laid off, and more than 10 months had elapsed after the new contract of April 26, 1971 was executed. Finally, even if there were vested contract rights which would have extended beyond the termination of the 1968 contract, and became enforceable under the new contract, " * * * [o]f course the employee owning the right, or his authorized union agent, could bargain away the employee's right. * * * " Zdanok v. Glidden Company, C.A.2nd (1961), 288 F.2d 99, 103[3]; affirmed (1962), 370 U.S. 530, 82 S.Ct. 1459, 8 L.Ed.2d 671, rehearing denied (1962), 371 U.S. 854, 83 S.Ct. 14, 9 L.Ed.2d 93. As stated herein before, it is undisputed herein that, in negotiating their 1971 contract, the parties herein bargained to omit the Bemberg employees from their negotiations.

The pleadings and exhibits showing that there is no genuine issue extant between these parties as to any material fact and that the defendant is entitled to a judgment as a matter of law, the defendant's motion for a summary judgment hereby is granted. Rule 56(c), Federal Rules of Civil Procedure. The motion by the plaintiff for a summary judgment hereby is denied. Summary judgment will enter for the defendant. Rule 58(1), Federal Rules of Civil Procedure.